## WESTERVELT vs. PINCKNEY.

Where there is an execution in the hands of the sheriff, against a *tenant* of demised premises, and the *landlord* gives notice of rent due, and the property of the tenant is subsequently sold under the execution, the sheriff, in an action against him for selling without paying the rent, is not at liberty to insist in defence of such action that the levy under which the property was sold was not made until after the return day of the execution.

To constitute a levy, the sheriff must not only have a view of the goods, but must assert his title to them by virtue of the execution; he must do enough to render himself chargeable as a *trespasser* but for the protection of the process in his hands.

ERROR from the superior court of the city of New-York. Pinckney sued Westervelt, sheriff of New-York, in a justice's court, to recover the amount of *rent* claimed by him to be due from one *Kirby*, under a lease of certain premises—the sheriff having levied upon property upon the demised premises by virtue of an execution, and sold the same *after notice* from Pinckney, the landlord of the premises. The execution was delivered to the sheriff in December, 1832, and was returnable on the third Monday of January, 1833. The property was not sold until *June*, 1833. On the 27th day of *May* previous, Pinckney served on the sheriff a *notice* that there was due to him *for rent* up to the first of April, 1833, the sum of $73,92, and for the rent of the month ending the first day of *May*, the sum of $27,08—which notice was accompanied with an affidavit of the truth of the facts contained in it. Kirby held the premises under a lease from Pinckney for one year from 1st May, 1832, at an annual rent of $325, payable *monthly*. Kirby testified that in the latter part of *January* or fore part of *February* the sheriff called at his house and told him he had an execution against him; the sheriff was then in a room in which was the principal part of the property subsequently sold; he took no inventory at the time, but left the goods in his possession and took no inventory until about the middle of *April*. The justice rendered judgment in favor of Pinckney for $34,87. The sheriff removed the proceedings by *certiorari* into the superior court, where the judgment of the justice's

court was *affirmed.* Whereupon the sheriff sued out a writ of error.

*H. H. Burlock,* for the plaintiff in error, contended that as a *landlord* can recover only for rent due at the time of the *levy* of an execution, and not for rent subsequently accruing, the plaintiff in this case had no cause of action. The levy he insisted must be held to have been made previous to 1st *February,* 1833, and that to perfect it, it was not necessary to take an inventory or remove the goods, 16 *Johns. R.* 288 ; 3 *Wendell,* 446. The rent claimed was for *three months* ending on the 1st of *April :* consequently the whole of it accrued subsequent to the levy, and was not recoverable against the sheriff, 18 *Johns. R.* 1 ; 3 *Wendell,* 446. If a levy was not made until after the return of the execution, then there was no legal levy, and the action of the plaintiff should have failed on that ground. 3 *Starkie's Ev.* 1353.

*H. S. Mackay,* for defendant in error.

*By the Court,* SUTHERLAND, J. The sheriff appears to have done nothing to constitute a levy except to inform the defendant in the execution that he had an execution against him, the parties then being in the defendant's house, and his furniture being within the view of the sheriff. But the sheriff neither declared that he made a levy, nor did any act to indicate such an intention. The defendant in the execution, if he is to be believed upon oath, certainly did not understand that a levy was made. It is said in *Beekman* v. *Lansing,* 3 *Wendell,* 550, as the result of the cases there referred to, that in order to constitute a levy the officer should enter upon the premises where the goods of the defendant are, and take actual possession of them, (if they are such of which possession can be taken ;) the goods should be brought within his view and subject to his control ; and that it is *proper* also, if not necessary, that an inventory should be taken. The officer should assert his title to the goods by virtue of the execution, and his acts, in the assertion of his right and the divesting of the possession of the defendant, should be of such

a character as would subject him to an action as a trespass-er, but for the protection of the execution—they should be public, open and unequivocal; and nothing should be done by him to cast concealment over the transaction. *Hagger-ty* v. *Wilber*, 16 *Johns. R.* 288. In England, the rule is still more strict. The officer leaves one of his assistants in pos-session of the goods, or causes an inventory to be made and removes them. 1 *Archb. Pr.* 293. 1 *Maule & Sel.* 711. 5 *Taunt.* 198. The only circumstance from which a levy could possibly be presumed in this case, is, that the furni-ture perhaps was, during the life of the execution, within view of the officer and subject to his control. But that of itself is not sufficient, unless the officer at the same time asserts his title to the goods by virtue of the execution. That is enough to constitute him a trespasser, but for the protec-tion of the execution. The mere view of the goods, with-out any assertion of right to interfere or meddle with them, would subject him to no responsibility. There is no hard-ship in compelling an officer to manifest his intention to make a levy by acts or declarations of a clear and unequiv-ocal character. It is calculated to prevent fraud, and to protect the rights of all parties. His acts should also be so open and notorious, that they can be proved if necessary. The practice of conducting these proceedings with secrecy, and studiously concealing all the steps taken previous to the final sale, does not deserve encouragement. It leads to liti-gation in relation to the title to property, and is undoubtedly frequently used for fraudulent and dishonest purposes.

The execution in this case then was not levied until the middle of April, after the plaintiff's rent became due; and whether the sheriff had then a right to levy it or not, is a question with which the plaintiff has no concern. He has a right to treat it as a valid act, and it is not for the defendant to deny it, who had due notice of the plaintiff's claim for rent, and was bound to pay it. To the extent of the rent the money raised by the sale may be considered money had and received to the plaintiff's use.

Judgment affirmed.