Cowen, J.,
dissenting. The officer went with the execution debtor on his farm, saw and inventoried several articles himself; and the debtor on the same inventory entered the cattle in question. These were in another field of the same farm, invisible to the officer by means of an intervening hill, which he did not take the trouble to ascend. I think there was a valid levy under the circumstances. The great point is, that the debtor and officer should understand a levy to have been made. (Westervelt v. Pinckney, 14 Wend. 123.) The officer holds the power to levy in respect to all the debtor’s property within the bailiwick ; and the debtor may, in general, put it under his actual control as effectually without his seeing it as with. Purchasers from the debtor enjoy about the same opportunity for obtaining notice in one form of levy as another. It is generally a secret among two or three. It is considered unkind and indelicate in the officer to proclaim it publicly; and he does enough if he take the actual or moral control, with or without the' assent of the debtor. If he deem the latter sufficiently trustworthy he may even leave the whole with him till the day of sale.
It will be difficult,- I apprehend, to establish a practicable distinction between a good levy in respect to the debtor, *669 and one in respect to his vendee, unless the levy be intended by the officer to defraud the vendee. There is no more necessity for such a distinction than there is to say that a sale, valid as to the vendor, should be void as to the vendee. In both cases the right of property may be secretly divested; but this is not much more probable in the case of a levy than a sale. In both cases the vendee must rely on his warranty of title which the law will always imply in his favor.
The court below probably proceeded on Ray v. Harcourt, (19 Wend. 495.) In that case the property was from one and a half to five miles distant from the sheriff, who merely made an inventory on the information and with the assent of the debtor. This proceeding was holden insufficient to constitute a levy in respect to any one, though it was said the debtor might have precluded himself from questioning it as defective. In the case at bar, the cattle in question were on the same farm, about eighty rods distant, constituting a part of the debtor’s farm stock, some of which was within actual view when the inventory was made up. When it was said in Ray v. Harcourt, that the goods should be within the officer’s view and subject to his disposition and control, it was not meant each piece of goods. The rule is as old as William III., that the seizure of part of the goods in a house in the name of the whole is a good seizure of all. (Cole v. Davies, 1 Ld. Raym. 724.) Why not on the same farm ? Even if an actual view be necessary to a seizure, it may be of part, according to the ancient rule. The principle of the rule is, that on a seizure of part, there should be an indication of intent in the officer to seize more, ana then a part represents the whole which comes within the intent. If he may thus seize the whole by taking a part, it follows that he may in the same way extend and limit the levy to any other part on the same premises.
I am aware of the difficulty of an attempt to collect the definition of a levy from the books. The word levy is new, at least in its application by the American courts, who have sub *670 stituted it for the English word seizure. Our own cases are not entirely consistent. The same may be said of others; and it appeared to me in the examination of Connah v. Hale, (23 Wend. 466,) and Green v. Burke, (id. 492,) that the discrepancy had arisen from giving too much effect to certain specific acts of the officer, independently of his intent, and the acts and intents of others. If all parties who had the legal control of the property at the time, appeared to have agreed that it should be considered as having passed from the custody of the debtor into that of the officer, it seemed to me that the law would effectuate the intent, whatever might be the form of the transaction. Assent in all other cases transfers even the absolute interest in property. It transfers the custody of the body to the sheriff holding a copias. I shall not again go over the cases. I endeavored to bring them together and show the principle they went to establish, in the two cases last cited. I still think it the true principle.
In the case at bar, the court below charged, in effect, as follows : “ If he (the officer) does not at the time of the levy, see the property levied upon, it is no levy. If the jury believe that though the deputy might and could have taken and driven the two oxen from off the farm of Thompson, yet if he did not see the oxen at the time of the levy, there was no levy in law.” In thus charging, I think they erred, and that the judgment should be reversed. But as a majority of the court are of a different opinion, therefore,
Judgment affirmed.