## WOOLSEY B. POLITE *vs.* PAYNTER JEFFERSON.

After levy and appraisement by a constable, he has such a special property as will maintain replevin, though the property levied on be left in defendant's custody.
If the levy be lost, its contents may be proved by parol.

ACTION of trover. Plaintiff, as a constable, levied on a pair of oxen, the property of Elijah Adkins, at the suit of N. Conoway. Jefferson claimed the oxen, and refused to give them up.

Plaintiff proved the judgment and execution, and proposed to prove the levy by parol.

*Mr. Cullen* made the point, that no evidence of the levy could be given, but the record itself. There was no levy on file, and no entry of the levy on the record.

*The Court* said it was the duty of the justice to file the inventory, and endorse the levy and amount on his record. In the absence of this entry, the presumption would be, that no levy was made; but the negligence of the officer would not prevent a party from proving a levy. The best evidence of that is the inventory itself; if its existence and loss are proved, its contents may be proved.

This evidence was put in.

*Mr. Cullen* moved a nonsuit for want of proof of an *appraisement*, following the levy. *Digest,* 339, requires an appraisement to be made. Execution does not bind until appraisement. (*Code,* 347.) The fi. fa. and the levy had been returned. The only process Polite had was a venditioni exponas. That process gave no custody of the goods to the officers. It gives no authority to *take* the property; only to *sell.* A venditioni gives no property. (*Watson Sheriff,* 137-8; *Law Lib.*) The officer must continue in possession of the property. Leaving it in the defendant's possession, he gave him the power to commit a fraud on the defendant, by selling the oxen. And this plaintiff is the same officer. He cannot now take advantage of his own wrong. (14 *Wend. Rep.,* 123; 2 *Saund. Rep.,* 47, *b. n. c.* ; 5 *Denio Rep.,* 138; 9 *Pick. Rep.,* 360.)

*The Court* refused the nonsuit.

HARRINGTON, *Judge.*—The English practice is as stated. But it has been regarded as the law of this State, that a valid levy might be made, without actual seizure and removal of the goods. An inventory and appraisement regularly made, is a good levy. And the special property of the officer making the levy continues, though he leave the property in defendant's possession, and return his writ. A limitation of the lien of such levy is made by the new code. The appraisement is made by the officer himself, under his official oath. (3 *Harr. Rep.,* 514 ; 1 *Ibid,* 107; *Code,* 347.) As to the proof of the appraisement, we shall leave it to the jury on the testimony.

The case went to the jury, and plaintiff had a verdict for the value of the oxen, and interest, by way of *increase of damages.*

*Layton,* for plaintiff.
*Cullen,* for defendant.