# Duncan's Appeal.

*What constitutes a valid Levy.—Lien of Execution on Personal Property.*

1. It is essential, to constitute a valid levy under an execution, that the property levied be in the power or in the view of the sheriff, at the time it is made. A levy is an assertion of title by the sheriff, and should be public, open, and unequivocal.

2. Therefore where the property levied upon, a planing machine, was, at the time of the levy, ten miles distant, and was not seen by the sheriff until after the return day of the execution, it was *held* that no lien was created by the levy; and that the execution of another creditor, under which an actual levy was subsequently made, was entitled to the money arising from the sale of the machine.

THIS was an appeal from the decree of the Common Pleas of *Cambria county,* confirming the report of the auditor, appointed to distribute the proceeds of the sheriff's sale of the personal property of George McCann.

The facts are these: A writ of *fieri facias* was issued out of the Court of Common Pleas of Cambria county, upon a judg-

[Duncan's Appeal.]

ment in favour of Francis Christy, endorsee of J. T. Christy, against the defendant, George McCann, to No. 103 September Term 1859, returnable the first Monday (5th day) of September 1859, and placed in the sheriff's hands on the 25th July 1859. On the 29th of August 1859, four other writs of *fieri facias* were issued and placed in the hands of the sheriff—one at the suit of Thomas Duncan; one at the suit of Peter Ford; one at the suit of A. H. Rosenheimer & Brook; and the other at the suit of Mrs. Sarah Duncan—being Nos. 217, 218, 219, and 220 of September Term 1859, respectively, returnable the first Monday of September 1859, upon which the sheriff, on the said day, endorsed the following levy: "August 29, 1859, levied on a planing machine, with all the fixtures thereto belonging, as the property of George McCann. The above levy given in by John Fenelon, Esq., at Ebensburg." On the same day (also at Ebensburg), the sheriff endorsed the same levy on the writ in favour of Francis Christy. On the 5th day of September 1859, a writ of *fieri facias*, at the suit of Morris L. Hallowell & Co. against the same defendant (McCann), was issued out of court to No. 1 December Term 1859, and placed in the sheriff's hands on said day at seven o'clock A. M., on which, on the 19th day of the same month, the sheriff made a levy (*inter alia*) of the said "*planing machine, with all the fixtures thereto belonging,*" being *at the time*, where the property was, and having it in view. On the said 19th of September the sheriff advertised the property, and sold the "*planing machine*" on the 28th of September 1859, for $500. After the sheriff had made return of the above writs, an auditor was appointed by the court to make distribution of the proceeds, who distributed the proceeds to the writ in favour of Morris L. Hallowell & Co., first satisfying (with the consent of the attorney for Hallowell & Co.) the balance of the writ in favour of Christy; to which report exceptions were filed, argued, and overruled by the court on the 4th of April 1860, and the report confirmed.

This appeal was then taken by the execution-creditors, whose claims were rejected by the auditor and the court, who assigned for error here the confirmation of the auditor's report.

*John Fenelon*, for appellant.—A sale by the sheriff after the return day is valid, and the levy remains good: Fitler *v.* Patten, 8 W. & S. 455; Beale *v.* Commonwealth, 7 Watts 186; Dorrance's Administrators *v.* Commonwealth, 1 Harris 163.

An actual seizure is not necessary. If the property levied on be followed up by advertisement and sale within a reasonable time, the exigencies of the writ are answered: Wood *v.* Vanarsdale, 3 R. 401; Trovillo *v.* Tilford, 6 Watts 468.

*William Kittel*, for Hallowell & Co., appellees.—A levy is a

[Duncan's Appeal.]

seizure, and although a defendant may dispense with it, and thus give the officer constructive possession against himself, creditors are not bound by such an agreement. A return of a levy on goods not within the sheriff's view, and not taken into custody, is no levy as to subsequent execution-creditors : Lowry *v.* Coulter, 9 Barr 349; Wood *v.* Vanarsdale, 3 R. 401.

The opinion of the court was delivered, January 7th 1861, by STRONG, J.—It is plain that the levy endorsed upon the appellant's execution on the 29th of August 1859, and also upon the other writs returnable to September Term, was of no avail against subsequent execution-creditors. Whatever may have been its effect as between the sheriff and George McCann, the debtor, it was no levy at all, to create a lien upon the planing machine, as against the appellees. In no sense can it be said to have been a seizure, either actual or constructive. The property was neither in the power nor in the view of the sheriff. It was ten miles distant, and was not seen by the officer until after the return day of the executions, when he had no power to make or complete a levy under them. Nor was it seen by him until he made an actual levy under the execution of the appellees.

We have departed from the strictness required by the English courts to constitute a levy. We do not require the sheriff in all cases to take actual and exclusive possession of personal property, but it never yet has been held that a levy can be made upon property not in the power or at least in the view of the officer. The endorsement upon an execution is itself no levy; it is but evidence. The levy is an assertion of title by the sheriff, amounting at least to a legal divestiture of the possession of the defendant, and such as would subject the officer making it to an action of trespass, but for the protection of the execution. It should be public, open, and unequivocal, not depending for proof of its having been made, upon a mere office entry. This is necessary in order to prevent fraud and litigation in regard to the title to property. Secret liens are a hardship to the community, and are not to be encouraged.

If it were necessary to refer to authorities for the doctrine that a levy cannot be made upon personal property which is not at the time in the power of the officer, so that he can take immediate possession, or at least in his view, such authorities are abundant and at hand. It was said in Wood *v.* Vanarsdale, 3 Rawle 401, that it (a levy upon such property) " cannot be made without the sheriff has it within his power and control, or at least within his view; and if having it so he makes a levy upon it, it will be good if followed up afterwards within a reasonable time by his taking possession in such manner as to apprise everybody of the fact of its having been taken in execution."

[Duncan's Appeal.]

It would seem that the learned judge who delivered the opinion in that case, thought that to make effective such a constructive seizure, viz., an assertion of title to the property while it is in full view of the officer, or in his power, it is necessary that it be followed up within a reasonable time by taking actual and notorious possession. Whether the levy can be thus completed after the return day of the writ, need not now be considered, for in this case the goods having been ten miles distant, a levy was not commenced. The doctrine of Wood v. Vanarsdale was reasserted in Lowry v. Coulter, 9 Barr 349, and in the Schuylkill county Appeal, 6 Casey 358.

Such also are the decisions in other states, the courts of which, like ours, have departed from the rigour of the English rule: Hagerty v. Wilber, 16 Johns. 288; Beekman v. Lansing, 3 Wendell 440; Westervelt v. Pinckney, 14 Wendell 123; Vanwyck v. Pine, 2 Hill 666; Barker v. Binninger, 4 Kernan 271; 8 B. Monr. 300; 4 Wisconsin 573.

Upon principle and authority, therefore, it must be held that the appellant had no lien upon the planing machine by virtue of any levy, and as his execution had no force after its return day without a levy, the writ of the appellees was entitled to the money arising from the sale. And as the appellant had no right to the money, he cannot be heard to complain that a portion of it was applied to the execution of Francis Christy, with the consent of the appellees.

The decree of the Court of Common Pleas is affirmed, and the appellant is ordered to pay the costs of the appeal.