## Hoard *et al.* versus Wilcox *et al.*

47      51
19 SC ¹481

*Remedy for enforcing the individual liability of stockholders of manufacturing companies.*

1. The remedy for the collection of debts due by manufacturing corporations organized under the Act of April 7th 1849, and its supplements, is special, and the requirements of the statute must be strictly followed.

2. A creditor, who seeks to recover from stockholders on the insolvency of such corporation, cannot maintain his action against a part of them sued alone without joining the corporation with them in his action, even though he have previously obtained judgment against the corporation.

3. The defendants may, under the plea of payment with leave, &c., take advantage of the non-joinder of the proper parties, and need not plead specially in abatement.

ERROR to the Common Pleas of *Tioga county*.

This was an action of *assumpsit*, by Lester Wilcox, George T. Perry, and John Ecker, partners, trading as Wilcox, Perry & Ecker, against Joseph H. Hoard, Joseph P. Morris, Dewitt C. Holden, James Lowry, William Bache, and Thomas L. Baldwin, stockholders of the Mansfield Iron Works, to recover the amount of a bill of merchandise, bought by the treasurer of the company in 1855.

The company was organized in 1854, under the General Manufacturing Law of 1849, and its supplements. Mr. Hoard, who had been duly elected treasurer of the corporation, was authorized, by resolution of the board of directors, to purchase in New York merchandise for the hands. The goods for which this suit was brought were accordingly purchased by Mr. Hoard, who

[Hoard *et al. v.* Wilcox *et al.*]

gave his note as "treasurer of the Mansfield Iron Works," for the amount. The goods were shipped to Mansfield, Tioga county, where they were disposed of in paying the hands for their labour.

Previous to the bringing of this suit, an action had been brought on the note above mentioned, against "The Mansfield Iron Works," and service made on the president of the company. Judgment having been obtained for want of an affidavit of defence, execution was issued, under which the Mansfield Iron Works were sold for $1130 to James Lowry, one of the defendants, who was then president of the company.

There was a mortgage and other liens prior to the one above mentioned. On the trial it appeared that none of the purchase-money had been paid by Mr. Lowry, as sheriff's vendee, that no deed had been made or acknowledged to him by the sheriff, and that at the instance of one of the stockholders (Mr. Bache), a rule had been entered to show cause why the sheriff's sale should not be set aside, which was then pending, and undetermined.

There were originally seventeen stockholders, three of whom were deceased, and four beyond the jurisdiction of the court, when the writ in this case was sued out.

Only six of the stockholders were included as defendants, and the Mansfield Iron Works was not joined as co-defendant.

On the trial of the cause the plaintiffs proposed to prove the insolvency of the Mansfield Iron Works, by showing numerous judgments against them prior to the judgment given in evidence in favour of the plaintiffs, upon which the property was sold, which judgments, in favour of Tabor, Baldwin & Co., and others, and a mortgage, amounted to a much larger sum than the property of the company sold for; that those judgments were entitled to the money, if any had been realized, but that there was no money raised on said sale; that a rule was obtained in this court to set aside the same, which is still pending, and not determined; and that no deed had been executed and delivered by the sheriff to the purchaser.

Defendants' counsel objected to the evidence offered, for the reason that the existence of judgments prior to plaintiffs' judgment against the Mansfield Iron Works, would not show the insolvency of said company; and because the insolvency of the said company was not a question relevant in this cause; and because the record already given in evidence by the plaintiffs, showed their judgment against said company, for the same claim now sued on to have been fully paid. And for the further reason, that it was immaterial whether the money was paid upon the bid referred to, as the sheriff was liable upon his return.

The court overruled the objections, and admitted the offer.

[Hoard *et al. v.* Wilcox *et al.*]

The plaintiffs requested the court to charge the jury,

1. That in order to recover a judgment against the defendants, stockholders in the Mansfield Iron Works, it is not necessary for plaintiffs to show that the said company is entirely insolvent, for the court can control the execution, to prevent any portion of the judgment being collected from the defendants until the whole assets (if any) of said company are exhausted.

2. If the jury believe, from the evidence, that the purchase-money or bid of James Lowry on the sale of the real estate of the Mansfield Iron Works, given in evidence, has not been paid over to the sheriff, or, if paid over to the sheriff, would apply on other prior liens against said company, and not on the plaintiffs' judgment against them, then the sale of property on said judgment would not satisfy it, nor any part of it, and will not prevent a recovery in this suit.

3. If they believe all the evidence in this case, the Mansfield Iron Works was insolvent before the plaintiffs recovered a judgment against the company, and that there were judgments and mortgages against them prior to the plaintiffs', more than enough to absorb all the assets of the company, and leave nothing to satisfy plaintiffs' claim.

4. That this action is in proper form against a portion of the stockholders of the Mansfield Iron Works; and if, from the evidence, the jury believe that the claim of the plaintiffs is for merchandise sold said company through their agent, J. S. Hoard, the plaintiffs have a right to recover for the value of that merchandise against the defendants, with interest from the time of payment agreed upon; or if no time of payment was agreed upon, then from the time of the sale of the goods as appears from plaintiffs' books.

5. If the jury believe that the note made by J. S. Hoard for the Mansfield Iron Works, given in evidence, was given for merchandise sold said company, then the plaintiffs have a right to recover a judgment in this suit for the amount of said note, and interest at 7 per cent. per annum; and that the judgment on the said note against said company is evidence of J. S. Hoard's authority to make it for the same.

The defendants also requested the court to charge,

1. That the liability of stockholders rests upon a statute, not upon any voluntary act or assumption of their own; and that it is incumbent on him who seeks to avail himself of the liability so created, to proceed, in accordance with such statute, against all the stockholders jointly, or against one or more of them severally.

2. That the articles of incorporation referred to in the plaintiffs' *narr.*, and given in evidence by the plaintiffs, showing the stockholders to be seventeen in number, and plaintiffs' evidence

[Hoard *et al. v.* Wilcox *et al.*]

showing all but three of them to be alive, and all but four of those living to be resident within the jurisdiction of the court, and jointly liable with defendants, the plaintiffs cannot recover against those sued in this case.

3. That the return of sale by the sheriff, on writ of *venditioni exponas*, in No. 151, of February Term 1857, for an amount more than sufficient to pay the same, is satisfaction of said judgment in law, and extinguishes the plaintiffs' cause of action in this case.

4. That the directors of said Mansfield Iron Works are agents of the stockholders and the corporation; and as such their acts are binding upon their principals only when within the scope of their authority; that the resolution authorizing the purchase of a general stock of goods was unauthorized by the articles of incorporation, and therefore imposed no liability on the corporation or the stockholders.

5. That the plaintiffs not having joined the said corporation with the defendants in this case, cannot recover.

6. That under all the evidence in the case, they are not entitled to recover.

The learned judge of the Common Pleas, after quoting the Act of 1849, and its supplements, so far as they related to the liability of the stockholders of such corporations, proceeded to charge the jury as follows:—

"The defendants deny that they are liable for the merchandise purchased by J. S. Hoard. These purchases were made under and in pursuance of a resolution of the board of directors of the company, and the goods were used for the benefit of the company. The denial of liability is based upon the position that 'the directors are agents of the stockholders and corporation; that their acts are binding upon their principals only when within the scope of their authority; and that the resolution of the board of directors, directing the purchase of a general stock of goods, was unauthorized by the articles of association, and imposed no liability on the corporation or stockholders.'

"The powers conferred upon manufacturing companies by the Act of 1849 and its supplements, are designed to be exercised by directors elected by the stockholders. The 4th section of the Act of 1849 provides that 'their stock, property, and affairs shall be managed by not less than five, nor more than thirteen directors,' and prescribes the mode in which they shall be elected. The 3d section of the same act defines the authorities and privileges granted—making them 'bodies politic and corporate, in law and in fact,' 'having succession, and capable of suing and being sued, by their corporate names, and capable in law of purchasing, holding, and conveying any real or personal estate *whatever*, *necessary* and *convenient* to carry on the business or operations

for which they are formed.'· That such corporations can purchase merchandise on credit is implied by the section of the Act of 1854 which limits and defines the individual liability of the stockholders: for, among other things, it subjects them to liability for debts due for merchandise. It is not alleged that they would be liable for goods purchased by the directors for the purpose of carrying on the business of merchandising, separate and disconnected from the business authorized by their charter. It was not the object or intention of the directors of the Mansfield Iron Works to transact a general mercantile business. The evidence shows that their sales were made principally to their labourers and employees, upon orders drawn by their manager. The primary object of their purchases being to supply their own operatives, it would be a severe and unjust judgment upon their creditors to hold that, because every article of goods purchased had not been thus disposed of, the directors had therefore exceeded their powers, and no recovery could be had against the stockholders for merchandise thus purchased.

"You are therefore instructed that the directors of this company, in the adoption of the resolution authorizing the purchase of goods, acted within the scope of their authority; and that the purchase of the goods and appropriation of them to the use and benefit of the company, imposed upon the stockholders and corporation the liability to pay for them.

"This suit is brought against a portion of the stockholders only. The articles of association, given in evidence, show that the whole number of stockholders was seventeen. Of these, three are dead, and four not resident within the jurisdiction of the court. Of the remaining ten, six only are sued. On behalf of these it is contended that all ought to have been joined in one suit; or that they ought to have been sued severally. It is also contended that the corporation ought to have been joined in this suit.

"If, instead of bringing suit and recovering judgment against the company alone, the plaintiffs had brought suit against the company and the six stockholders, who are defendants in this suit, it is very obvious that there could have been no valid objection to their recovery, on the ground of non-joinder of the other stockholders. The 23d section of the Act of 1849 expressly authorizes suits to be brought against a company, and any one or more of its stockholders, to enforce any liability under the provisions of the act. But the plaintiffs had recovered a judgment against the Mansfield Iron Works for the whole amount of their claim before this suit was brought against these stockholders; and there could not have been a recovery against the company in another suit, for the same debt. It was not necessary, and would not have been proper to have joined the company

[Hoard *et al. v.* Wilcox *et al.*]

as defendant in this suit.  Nor is it necessary in any case.  The 23d section provides that the plaintiff *may* join as defendants with the company one or more of the stockholders—implying that he may, if he sees fit, bring a separate suit against the stockholders; or, as the law makes their liability joint and several, may bring separate suits against each stockholder.  'The corporation is the principal debtor.  The liability of the stockholders is only secondary.  The form of the remedy and character of the right, under the Acts of Assembly, allow the use of separate actions against the primary and secondary debtors.' See Patterson & Co. *v.* The Wyomissing Manufacturing Company, 4 Wright 117.  But this objection to a recovery by plaintiffs, on the ground of a non-joinder of the company and of all the stockholders as defendants, if a valid and legal objection under a proper issue, cannot be taken advantage of under the issue in this case.  The general rule is, that in an action *ex contractu* against one or more of several obligors or contractors, an omission to join others as defendants who are also liable, can only be taken advantage of by a plea in abatement.  The issue in this case is formed by pleas of *non assumpsit*, payment with leave, &c.  It is alleged by the defendants that the liability of the stockholders is joint and several; that the plaintiffs not having brought separate or several suits, have treated the liability as joint; and that having omitted to join as defendants all who are made liable under the law, cannot recover against those who are sued.  To this plaintiffs reply, 'You can take advantage of this defence only by plea in abatement.  You have plead the general issue, and thus precluded yourselves from making this defence available.'  The court regard this as a conclusive answer to defendants' position on the subject of non-joinder of other parties as defendants, who were jointly and severally liable with the six stockholders against whom this suit was brought.

"The defendants make one other point in this case.  They allege that 'the return of sale by the sheriff, on the writ of *venditioni exponas*, in No. 151 of February Term 1857, for an amount more than sufficient to pay the same, is satisfaction of said judgment in law, and extinguishes plaintiffs' cause of action in this case.'

"It is true that the amount bid by Mr. Lowry for the property of the company, sold upon this *venditioni exponas* ($1130), if applicable to plaintiffs' judgment against the company, would satisfy it, and thus discharge the liability of the defendants in the suit now trying.  But the difficulty in sustaining the point is, that the bidder has never paid any portion of his bid to the sheriff; and a rule is now pending in this court to show cause why the sale shall not be set aside, based upon the ground that the bid has not been paid.  The evidence shows, too, that there

[Hoard *et al. v.* Wilcox *et al.*]

are judgments for a large amount unsatisfied, upon the records of this court, entered against the Mansfield Iron Works—having priority of lien over plaintiffs' judgment—sufficient to absorb all of Mr. Lowry's bid for the property, and a good deal more, as soon as it is paid. Under the facts disclosed, we charge you, that the return of sale upon the writ referred to is not a satisfaction of plaintiffs' judgment against the Mansfield Iron Works, nor an extinguishment of plaintiffs' cause of action in this suit.

" Upon plaintiffs' 1st and 3d points the court charge that it was not necessary for plaintiffs to show that the Mansfield Iron Works was insolvent, in order to recover judgment against defendants. Plaintiffs' 2d point is answered fully in the general charge.

" Upon plaintiffs' 4th point the court charge that the action is in proper form against a portion of the stockholders, under the issue now trying; and that plaintiffs, under this issue, have a right to recover the value of the merchandise sold said company through their agent, J. S. Hoard, with interest, after six months, at 7 per cent., as shown by their books, and the evidence of F. E. Young.

" Upon plaintiffs' 5th point the court charge that, if the jury believe that the note made by J. S. Hoard for the Mansfield Iron Works, was given for merchandise sold said company by plaintiffs, the said plaintiffs have a right to recover in this suit the amount of said note, and interest at 7 per cent. per annum from the 17th day of April 1856 ; and that [the judgment on said note against said company is evidence of J. S. Hoard's authority to make it, in connection with the evidence proving that he purchased the goods in pursuance of authority conferred by a resolution of the board of directors of the company, and other evidence in the cause."]

Under these instructions there was a verdict and judgment in favour of the plaintiffs. Whereupon the defendants sued out this writ, and assigned for error the following matters, viz. :—

1. The admission of the evidence offered by plaintiffs to prove the insolvency of the Mansfield Iron Works.

2, 3, 4. The refusal of the court below to charge as requested in defendants' 1st, 2d, 3d, and 4th points. And,

5. The instruction given relative to the effect of the recovery of the judgment on the note, as printed above in brackets.

*Pierce & Williams,* for plaintiffs in error.

*C. H. Seymour* and *H. Sherwood,* for defendants in error.

The opinion of the court was delivered, March 28th 1864, by THOMPSON, J.—The Act of 7th of April 1849 and supplements,

[Hoard *et al. v.* Wilcox *et al.*]

providing for the incorporation and organization of manufacturing companies, were designed to furnish an entire system in regard to the powers, rights, and liabilities of such institutions and their stockholders. These institutions are *unique*, partaking of a combination of the characteristics of corporations proper and partnerships, but neither in form nor substance, precisely either. They are special, and must be governed in most, if not in every particular, exclusively by the law of their creation. · The organization is specially provided for, and must be followed; their rights are defined, and the remedies for enforcing the obligations of the institutions are also specially provided for. Hence there is a provision for joining as defendants the corporation itself with one, or all, or any less number of the stockholders, in actions by creditors of these corporations. If judgment be recovered, execution is to be levied, first on the property of the corporation; if there be none, or it be insufficient, then upon that of the stockholder defendants; who, in turn, if the debt be collected from them, are entitled to have the judgment to enforce contribution rateably against the remaining stockholders. The remedy for the collection of demands against such institutions is therefore statutory and special, and must be followed. This we have lately held in Brinham *et al. v.* The Wellersburg Coal Company *et al.,* .ante, p. 43, in obedience to the rule of the Act of 1806, requiring the remedy prescribed by a statute to be followed.

Here, the plaintiffs below first sued the corporation *alone,* and failing to realize their demand, brought suit against the present defendants, a portion of the stockholders of the company, without joining the corporation, and this raises the main question in the case, whether, under the pleadings, they are entitled to maintain the judgment of the court below in their favour, against these stockholders.

It is very evident· that the remedy of the statute was not followed in these proceedings, and it is also quite apparent on the face of the *narr.* that it is under the statute that they seek to make the stockholder defendants answerable. The remedy of the statute against stockholders seems to require that they be joined with the corporation. What would be the effect of joining the whole of them without the corporation, it is not necessary to say; but if a less number be joined, it must be with the corporation. It is claimed, however, that as the provision is, that in any action brought to enforce any liability against the institution, the plaintiff *may* include as defendants one or more of the stockholders; an option to omit to do so, is with the plaintiff. Doubtless he may sue the corporation alone, if he feels secure that he can realize his debt therefrom, as it is the primary party answerable. But unless this be so, the only safe way is to follow

the statute, and include as defendants at least some of the stockholders. Certain it is, that if it be necessary to look to the stockholders, the creditor *must* join them or a portion at least, in an action with the corporation. This is the statutory remedy.

But it is contended here, that the present defendants are fixed for want of a plea in abatement to the non-joinder of proper parties. This would be an invulnerable position, were it not for the fact, that as the liability is statutory, and the remedy is prescribed, it must be followed, and hence we think that the defendants might allege that they were not answerable *modo et forma*, and that this might be taken advantage of under the special plea in bar, of *payment with leave*, &c. That this may be done was shadowed forth, in Straub *v.* The Commonwealth, 11 Casey 137, and more clearly affirmed in Commonwealth, for use, *v.* Cope *et al.*, 9 Wright 161. The failure to pursue the statutory remedy was taken advantage of in both these somewhat analogous cases, under pleas in bar. That is the defect here, specifically the non-joinder of proper parties; and to hold the defendants to a technical rule of pleading, would be manifestly unjust, as it would entail upon them the payment of the debt sued for, with only the remedy of a separate action against each of the other stockholders for contribution, even if such an action would lie at all.

But it is suggested, that as there is already a judgment against the corporation, it cannot be again sued for the same debt. We encountered something like this in Patterson *v.* The Wyomissing Manufacturing Company, 4 Wright 117, and it was suggested there that proper averments in the new action, of the former recovery, might obviate the force of a plea of a former recovery. It is true, that there, but a part of the claim was embraced in the suit against the corporation alone; but that could not make any difference, as the whole claim was intended to be embraced in the second suit, and I see not how the judgment could be anything but an identity against all the defendants. For my own part, I think the difficulty could be obviated by proper averments. At most the first judgment was at common law; the second would be statutory, in pursuance of the prescribed remedy. Before the remedy for renewing judgments by *scire facias* was adopted, it was usual to bring debt upon judgments after a year and a day. Proper averments would therefore in such a case as this, in analogy to the old rule, carry forward the original judgment at common law, into the statutory remedy, without prejudice, I think, to any interest. We are, however, not bound to decide these questions in advance. The difficulties pointed out illustrate the importance in all cases, under the Manufacturing Act, of pursuing the statutory remedy, and the trouble consequent on neglecting it. We think the

defendants had a right to avail themselves of the departure from the statute suggested in their case, and for this reason we must reverse this judgment, and send the case back for a retrial, upon the introduction of proper parties.

It was alleged as error, that the learned judge admitted the evidence offered by the plaintiff to show the insolvency of the company, and that nothing was ever received by them on their execution against the real estate of the corporation; that the sale was never perfected, and no money ever paid on the bid of the president; and also the pendency of a motion to set aside the sale. A levy on real estate is not a satisfaction of a judgment, and a sale that produces nothing is no better. Even in case of a levy on personal property, if the fruits of the levy be defeated by the defendant in the execution, he cannot set up that there was a sufficient levy to satisfy the execution: 4 Wright 255. That would be to take advantage of his own wrong. And certainly a defendant, whose real estate is levied, cannot do so, otherwise he might always plead an ineffectual levy or sale to the *scire facias* for revival of the judgment. Nothing ordinarily, short of actual satisfaction, will answer. That is not pretended here. If the sheriff's return be looked to, the property was bid in by the president of the corporation, and the property remains just where it was in the outset of the proceedings, and yet the corporation seeks to set up that fruitless sale as a satisfaction. This cannot be done.

There is no question that the company were authorized to contract debts for *merchandise;* it is one of the things for which stockholders are expressly to be liable. We see nothing in the idea suggested that it was for a general stock of goods that the debt was contracted. If so, it was a very small one, but the proof was that the merchandise was such as was needed at the works for the convenience of hands. We see no other error on the record but that already noticed; but, for the reasons stated, the judgment is reversed, and a *venire de novo* awarded.

AGNEW, J., was absent at Nisi Prius.