# In re assigned estate of Jesse Wetzler. Appeal of F. S. Groff.

*Assigned estate—Judgments—Prior execution—Distribution.*

It is the status of a claim at the time of an assignment for benefit of creditors that determines the amount due thereon, but where a claim has been reduced to judgment and execution has issued thereon and levy been made, before the date of the assignment, there is a pro tanto satisfaction of so much of the judgment as was made on the execution. It follows, therefore, that the creditor can only claim a dividend on the balance due after such deduction, and not on the face of the claim.

Argued Nov. 14, 1896. Appeal, No. 148, Nov. T., 1896, by F. S. Groff, a lien creditor, from decree of C. P. Lancaster Co., Trust Book 14, p. 213, on a case stated, in the matter of the distribution of the balance in the hands of F. S. Groff, assignee of Jesse Wetzler. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to assignee's account. Before BRUBAKER, P. J.

The question arises on the distribution of a fund created by the sale of assignee's real estate.

The facts agreed upon in a case stated are sufficiently indicated in the opinion of the Superior Court.

*Errors assigned* were, (1, 2) in directing that the balance in the hands of the accountant should be distributed in the proportion of $690.36, balance of Groff's judgment as reduced by proceeds of personal property made on execution, and $5,000 of Lemmon's judgment.

*J. Hay Brown*, with him *W. U. Hensel*, for appellant.—The question involved here upon identical facts was considered and passed upon in the common pleas of Monroe county in an opinion by DREHER, P. J., reported in 5 C. C. R. 159.

The same principle was applied in Brough's Est., 71 Pa. 460; Graeff's App. 79 Pa. 146, and Bair & Shenk's App., 82 Pa. 113.

" A creditor is entitled to a dividend under an assignment, not merely as a creditor, but as an equitable owner of the as-

signed estate, and the extent of his ownership is fixed by the amount of his claim when the assignment was made:" Dean's Appeal, 98 Pa. 101; Appeal of Jordan & Porter, 107 Pa. 75; Trickett on Assignments, Sec. 185 p. 208.

*George Nauman*, for appellee.—It was at first held that a levy followed by a release of the goods seized was payment: Hunt v. Breading, 12 S. & R. 37, the court saying, page 41:

"But the cause is clearly with the defendant on another ground. Seizing goods in execution to the value of the debt is a discharge of all responsibility on the part of the debtor, and consequently a discharge of the judgment, and this whether the goods be sold or not, all further remedy being against the sheriff, who becomes exclusively liable by the seizure: Clerk v. Withers, 1 Salk, 323; Mountney v. Andrews, Cro. Eliz. 235; Slie v. Finch, 2 Roll. Rep. 57; Cockrant v. Welby, 2 Show, 79; Speake v. Richards, Hob. 206; 4 Mod. 404."

The sum of the matter, therefore, appears to be this: Where the goods are actually seized the property vests in the sheriff, and the debt becomes satisfied as to the judgment creditor, who can look only to the sheriff, unless where the latter chooses to return *nulla bona*, and then he becomes answerable to the judgment creditor for his false return, who may also levy the same goods on another execution: Dean v. Patton, 13 S. & R. 341; Taylor's Appeal, 1 Pa. 390.

According to Little v. Delancey, 5 Binney, 272, and Beale v. Worrell, 11 S. & R. 299, a levy is satisfaction so far as it has or might have produced it.   Lyon v. Hampton, 20 Pa. 46; Hunt v. Breading, 12 S. & R. 37; Duncan v. Harris, 17 S. & R. 436.

OPINION BY REEDER, J., January 18, 1897:

This question arises upon the distribution of a fund created by the sale of Wetzler's real estate.   The facts were agreed upon.

William Lemmon held a judgment against Jesse Wetzler in the sum of $5,000, and Isaac Ramsey held a judgment against the same defendant for $975, the lien of the judgments upon the real estate of the defendant being of the same date.   On November 30, 1892, Isaac Ramsey issued a writ of fi. fa. on his judgment, and on this writ the sheriff of Lancaster county

levied on the personal property of Jesse Wetzler on December 1, 1892. Prior to the sale of the personal property by the sheriff, and after the levy, Jesse Wetzler made an assignment of all his estate for the benefit of creditors to F. S. Groff, on December 6, 1892, the sale being advertised to take place on the 8th of December, 1892. The day before the sale, namely, December 7th, Isaac Ramsey assigned his judgment to the said F. S. Groff, the assignee. Groff then made an arrangement with the sheriff that he (Groff), should sell the personal property of the said Jesse Wetzler which was levied upon, and apply the proceeds to the payment of the execution; and, under this arrangement, he sold the same and realized the sum of $284.64. The real estate was then sold, and the balance in his hands, amounting to $4,169.15, is still in his hands.

The only two lien creditors who are entitled to distribution of this fund are William Lemmon and Groff, who held the assigned judgment given by Wetzler to Isaac Ramsey. Groff, as the holder of the Ramsey judgment, claims a dividend on the full amount of $975. Lemmon claims that the amount realized by the sale of the personal property, $284.64, should be first credited upon Groff's judgment, and distribution should be made upon the balance, namely $690.36.

It was said, in Miller's Appeal, 35 Pa. 481, that "a creditor is entitled to a dividend under an assignment, not merely as a creditor, but as an equitable owner of an assigned estate, to the extent of his ownership as fixed by the amount of the claim when the assignment is made." This levy was made on the Ramsey judgment six days before the date of the assignment for the benefit of creditors. The levy was a lien upon the personal property at the time that it passed into the hands of the assignee. If the money had been made by a sale by the sheriff, it would have been credited upon the judgment on the docket, and the judgment would have stood as a lien against the real estate for the balance of the judgment still unpaid. The levy having been made prior to the assignment, the property was in the sheriff's hands, under his absolute control to such an extent that it would have been larceny for the defendant in the execution to have extracted any portion of it from his custody. It, therefore, did not pass to the assignee by reason of the assignment; and, had the sale been made by the sheriff after the

assignment, it would have been credited upon the judgment just as fully as though the sale had been made prior to the assignment. That the sheriff did not so sell, but, by reason of a private arrangement between Groff as assignee and the sheriff, it was sold by him, did not alter the manner of the appropriation of this money, and the court below, therefore, very properly directed that it should be treated as a credit upon the Ramsey judgment, and that distribution should only be allowed for the balance, namely, $690.36, instead of the whole amount of the claim. It was a satisfaction of so much of the judgment as was made on the execution. The goods levied upon did not pass by, being in the sheriff's custody at the time of, the assignment for the benefit of creditors.

We do not think that Miller's Appeal, 35 Pa. 481, and Patton's Appeal, 45 Pa. 151, relied upon by the appellants in this case, are in conflict with this decision. The principle there decided is clearly distinguishable from that which arises in the consideration of the present case. They decide that the right of the creditors upon the distribution of the fund of an assigned estate must be determined by the status of the claim at the time of the assignment; that, after the assignment, if the creditor obtains partial payment of his claim by execution process issued against property that did not pass by the assignment, he is entitled to distribution upon the whole of the amount of his claim; that, where a creditor is obliged to pay the entire amount of a debt due from him and a cosurety, in the distribution of his cosurety's estate he is entitled to a distribution for the whole amount of his claim; that, where part of goods sold had been delivered and other goods were detained and sold by the vendors who applied the proceeds of the goods thus sold to the payment of the notes given upon the sale, leaving a balance still due, the vendors are entitled to a dividend upon the whole amount of their claim as it existed at the date of the assignment. The decision in neither of these cases applies to the case now under consideration. This case is clearly distinguishable from them.

Judgment is, therefore, affirmed.