Beachy et al., Appellants, *v.* Miller et ux.

Submitted April 16, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John A. Berkey,* and with him *C. L. Shaver, Charles F. Uhl* and *Charles H. Ealy,* for appellants.

*Budd B. Boose,* and with him *Francis J. Kooser, Ernest O. Kooser* and *James O. Courtney,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1931:

As a result of sales by the sheriff of Somerset County of the personal property and real estate of Tillie Miller that officer has in his hands two funds for distribution to lien creditors—$1,929.81, from the personalty, and $13,226.23 from the realty. A controversy arose over the distribution of these funds. The court below sustained exceptions filed by a lien creditor, the First National Bank of Salisbury, to the sheriff's schedule of distribution; if its action is not reversed, the amount ($1400.) distributed by the sheriff to Mary Beachy, Alice Beachy, Ida M. Fike and Carrie Litchy,

plaintiffs in one of the judgments involved and appellants herein, will be reduced by one-half and the amount distributed to the bank, on account of one of its judgments, increased by a corresponding amount; hence this appeal by Mary Beachy et al. In addition to the claims of lien creditors, wage claims in the aggregate amount of $529.81 are involved.

The record discloses that the question of law, now for consideration, arose out of these facts: In 1916 Harvey C. Miller and Tillie Miller, his wife, became the owners by entireties of the real estate in question, a tract of about 162 acres, by purchase from the appellants. In part payment they took the judgment bond of the vendees in the sum of $11,000, secured by a mortgage on the property; on March 13, 1916, the mortgage was recorded and judgment confessed on the bond. Both of these securities subsequently passed by assignment to William P. Meyers, one of the distributees, who, in any event, will be paid in full. In addition to the bond and mortgage for $11,000 the Millers executed and delivered to their vendors, Mary Beachy et al., a judgment note for $2,500, upon which judgment was also entered March 13, 1916. When the mortgage and judgment on the accompanying bond were assigned to Meyers the $11,000 judgment was given priority over the $2,500 judgment. No steps were taken, either by Mary Beachy et al. or Meyers, to revive their respective judgments against the real estate until 1930. In the meantime, July 19, 1926, the First National Bank of Salisbury entered one judgment against the Millers for $3,700 and on August 10, 1926, another for $1,200, which judgments thereupon became the second and third liens against the real estate of the Millers. By reason of the death of Harvey C. Miller sometime prior to 1930, Tillie Miller, by survivorship, became not only the sole owner of the real estate but also the sole mortgage and judgment

debtor.  She also owned considerable personal property.

On May 3, 1930, Meyers and Mary Beachy et al., issued simultaneous writs of scire facias and fieri facias upon their respective judgments of $11,000 and $2,500 and levied upon Tillie Miller's personal property; on July 3, 1930, under appropriate writs of execution, the personal property was sold for $2,413.65, which amount, less costs, is the above mentioned personal fund of $1,929.81.  On July 8, 1930, alias writs of fieri facias were issued by Meyers and Mary Beachy et al., resulting in the sale, on August 8th, of her real estate for $13,950, which amount less taxes and costs, is the real estate fund of $13,226.23.  Out of the proceeds of the personal property the sheriff distributed to the judgment in which Mary Beachy et al. are plaintiffs the sum of $1,400 and the balance, $529.81, to wage claimants.  Although Meyers had acquired a lien against the personal property by virtue of his execution issued simultaneously with that of Mary Beachy et al., no part of the proceeds of the personalty was distributed to his judgment.  A notation upon the sheriff's schedule is to the effect that the personal fund was distributed in the manner stated ''upon the suggestion and agreement of counsel.''  This evidently refers only to counsel for Meyers and Mary Beachy et al.; counsel for the bank were not parties to the arrangement.

At the date of distribution the debt and interest due Meyers, who admittedly has the first lien on the real estate, aggregated $12,965.39.  The real estate fund of $13,226.23 was distributed by the sheriff—$12,965.39 to Meyers in full payment of his lien, and the balance, $260.84, applied to the first judgment of the First National Bank of Salisbury for $3,700.  The bank thereupon filed its exceptions, contending that the sheriff erred in distributing all the proceeds of the personal

property, except the wage claims, to the judgment of Mary Beachy et al.; that this sum of $1,400 should have been distributed pro rata between Mary Beachy et al. and Meyers, thereby applying $700 to the Meyers judgment, leaving $12,265.39 (instead of $12,965.39, as per sheriff's distribution) as the amount required to pay the Meyers lien in full and increasing the amount applicable to the bank's judgment, as the second lien on the real estate, from $260.84 (sheriff's distribution) to $960.84.

The court below, BOOSE, P. J., filed an opinion sustaining the exceptions and entered a decree directing distribution in accordance with the principles indicated in the opinion.

It is apparent that the appellee bank had no lien on the fund created by the sale of the personal property; the only liens thereon were those of Meyers and Mary Beachy et al., under their simultaneous levies on the personal property. As to the real estate Meyers had the first lien and the bank the second and third. The funds, taken together, are insufficient to pay the liens. For the purposes of this distribution, it may be said that Meyers has a lien on each fund; Mary Beachy et al. on only one—the proceeds of the personalty; and the bank on the real estate fund only. Should Meyers be permitted to waive his right to share pro rata in the personal property fund in order to benefit appellants, who, by neglecting to revive their judgment, lost their lien on the realty, and at the expense and over the protest of the owner of the second lien thereon? The court below held that as there had been a sale of, and not merely a levy upon, the personalty, Meyers received satisfaction of his judgment to the extent he was entitled to participate in the pro rata distribution of that fund; in other words, it was a satisfaction (Wetzler's Estate, 3 Pa. Superior Ct. 435) of so much of his judgment as was made on the ex-

ecution against the personal property. The situation here is comparable to the one considered in Clausen and Son v. B. and L. Assn., 7 Pa. Superior Ct. 217, where, in referring to the equities of the holder of a junior encumbrance, this court, as epitomized in the syllabus, said: ''A judgment creditor who has seized the goods of his debtor in execution cannot, after sale on fi. fa., discharge the proceeds and leave his judgment in force as to the land, to the prejudice of judgment creditors who otherwise would be paid out of the land. A creditor may not, with a fund awaiting him in part payment of a first lien, deliberately resign it to a later lien, and thereby deprive an intermediate lien of the benefit of a pro tanto release of land, against which he has also a prior lien; such action violates the equity of junior incumbrances.''

Here, the equities in favor of the bank, as a junior creditor, prevent the application of the principle relied upon by counsel for appellants to the effect that where a creditor has a lien upon two funds, and another creditor has a lien upon only one, against a common debtor, equity will compel the former to resort to that which will not disappoint the creditor who can resort to but one.

We are of opinion, under all the facts in this case, that the equities of the bank are superior to those of the appellants; as the method of distribution directed by the court below is in accordance with established principles, the assignments of error must be dismissed.

Decree affirmed at the costs of appellants.