J-S66004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK NA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES PATRICK MCKENNA | : | |
| | : | |
| Appellant | : | No. 1144 EDA 2018 |

Appeal from the Order Dated March 28, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-07290

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 20, 2019**

Appellant, James Patrick McKenna, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which denied his petition to set aside a sheriff's sale of his foreclosed property. We affirm.

The relevant facts and procedural history of this case are as follows. On May 4, 2004, Appellant executed a residential mortgage in favor of Wachovia Bank, N.A. ("Wachovia"), in the principal amount of $100,000.00. Wachovia later merged with Appellee, Wells Fargo Bank, N.A. ("Bank"). Appellant failed to make the monthly payment due on January 23, 2011, and all subsequent payments. Bank filed a mortgage foreclosure complaint against Appellant on April 3, 2014. On May 28, 2014, Appellant filed an answer and new matter; Bank filed a reply to Appellant's new matter on June 10, 2014.

Bank filed a motion for summary judgment on March 1, 2017. On May

11, 2017, the court granted Bank summary judgment and entered judgment in favor of Bank and against Appellant in the amount of $155,380.59, plus costs and interest. Appellant timely filed a *pro se* notice of appeal on May 18, 2017. On November 17, 2017, Appellant's counsel filed a petition to withdraw, which the court granted on November 28, 2017. On January 31, 2018, a third party bought the mortgaged property at a sheriff's sale. On February 2, 2018, this Court dismissed Appellant's appeal, from the order granting Bank summary judgment, for failure to file a brief.

On February 15, 2018, Appellant filed a *pro se* motion to set aside sheriff's sale, which the court denied on March 28, 2018. Appellant timely filed a *pro se* notice of appeal on April 16, 2018. The court ordered Appellant on April 18, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied *pro se* on April 30, 2018.

Appellant raises the following issues for our review:

> 1. IS IT A FUNDAMENTAL ERROR AS A MATTER OF LAW THAT THE PENNSYLVANIA COURTS DO NOT ISSUE AN ACTUAL DECREE GRANTING OR DENYING WHAT IS INHERENTLY EQUITABLE AND DISCRETIONARY RELIEF THAT IS THE "FORECLOSURE OF A MORTGAGE" AND "SALE OF THE PROPERTY BY THE SHERIFF" AS UNDER PA.R.C.P. 1037(D)?
>
> 2. WAS THE TRIAL COURT REQUIRED AS A MATTER OF LAW TO VACATE THE UNDERLYING "MORTGAGE JUDGMENT" OBTAINED BY ENTRY OF DEFAULT WHERE THE COMPLAINT ITSELF FAILED TO CONFORM WITH A SUBSTANTIVE RULE OF COURT AT PA.R.C.P. 1024(A) & (B) IN THE VERIFICATION OF PLEADINGS, AND DID THIS IN EFFECT ALLOW A "CHAMPERTOUS" SUIT TO PROCEED IN THE NAME OF AN UNVERIFIED PLAINTIFF WHILE ACTUALLY

UNDERWRITTEN BY THE NONPARTY DEBT COLLECTOR?

3. WAS THE SHERIFF SALE ACTUALLY ILLEGAL OR UNLAWFUL BY "SHORTING" THE WRIT OF EXECUTION AT HAND AND SELLING THE PROPERTY FOR LESS THAN THE TOTAL OF "THE JUDGMENT, INTERESTS AND COSTS" AS ESTABLISHED IN **KAIB V. SMITH**, 684 A.2D 630, 632 (PA.SUPER. 1996), AND DID THIS "SHORT SALE" THEREFORE FAIL TO DIVEST THE MORTGAGOR OF HIS TITLE AS AN "INCOMPLETE PAYMENT"?

4. DOES THE FAILURE OF PENNSYLVANIA LAW TO REQUIRE "ADEQUATE COMPENSATION" AT "FAIR PRICE" FOR THE "PUBLIC TAKING" BY A "PUBLIC OFFICER" IN A "SHERIFF SALE" MAKE AN UNCONSTITUTIONAL BREACH OF SUBSTANTIVE PROPERTY AND DUE PROCESS RIGHTS?

5. WAS [BANK]'S MORTGAGE JUDGMENT A CLOG ON THE EQUITY OF REDEMPTION FOR BEING TWICE THE SALE PRICE AND THE COURT MUST THEREFORE SET ASIDE THE SHERIFF SALE AND THE FAILURE TO DO SO WAS A MANIFEST ABUSE OF DISCRETION?

6. DOES THE FAILURE OF PENNSYLVANIA LAW TO GUARANTEE SALE PRICE REDEMPTION MAKE AN UNCONSTITUTIONAL BREACH OF SUBSTANTIVE PROPERTY AND DUE PROCESS RIGHTS, AND THAT THE COURT MUST THEREFORE ORDER SALE PRICE REDEMPTION AS A MATTER OF LAW ANALOG TO THE PROCEDURE FOR "JUDICIAL TAX SALES" IN THIS STATE?

7. DID THE COURT ERR AS A MATTER OF LAW IN REFUSING TO VACATE THE MORTGAGE JUDGMENT WHERE THE UNDERLYING COMPLAINT FAILED TO STATE ANY "GROUNDS" FOR A MORTGAGE FORECLOSURE REMEDY AS UNDER PA.R.C.P. 1146?

8. WAS [BANK]'S FAILURE TO FIRST PRESENT THE MORTGAGE NOTE FOR EXCHANGE AT THE "PLACE OF PAYMENT" OR TO OBTAIN A DISCHARGE AS UNDER **GERBER V. PIERGROSSI**[, 142 A.3D 854 (PA.SUPER. 2016), *APPEAL DENIED*, 641 PA. 179, 166 A.3D 1215 (2017)] A FATAL DEFECT *PRIMA FACIE* IN THE UNDERLYING COMPLAINT WHERE NEGOTIABLE INSTRUMENTS ARE

PERSONAL CLAIMS BARRED IN FORECLOSURE CASES UNDER RULES 1141, 1146 & 1148?

9. "[M]ORTGAGE FORECLOSURE" BEING THE WRONG FORM OF ACTION FOR "NEGOTIABLE INSTRUMENTS" ("*IN REM* VS. *IN PERSONAM*"), THEREFORE DID THE COURT ERR AS A MATTER OF LAW BY REFUSING TO STRIKE THE "*IN REM*" MORTGAGE JUDGMENT THAT [WAS] OBTAINED ON A FICTITIOUS AND ILLEGAL PERSONAL OBLIGATION INSTEAD OF SETTING FORTH THE "ASSIGNMENTS OF MORTGAGE DEBT" AS THE "REAL INTERESTED PARTY"?

10. IS IT AN ERROR AS A MATTER OF LAW WHERE REAL ESTATE IS INHERENTLY EXCLUDED FROM NEGOTIABLE COLLATERAL BY DEFINITION AND THEREFORE IMPOSSIBLE TO STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED, RELATING TO BOTH THE "UNIFORM COMMERCIAL CODE" IN THE SAME CAUSE OF ACTION AS FOR "*IN REM* MORTGAGE FORECLOSURE AGAINST LAND PARCELS" ESPECIALLY WHERE LAND IS AN IMMOVABLE THING AND NEGOTIABLE INSTRUMENTS RELATE TO TOKENS OF EXCHANGE FOR THINGS WHICH ARE ACTUALLY MOVABLE?

11. IS A PENNSYLVANIA TRIAL COURT BOUND BY THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION TO "MAKE NOTHING BUT GOLD OR SILVER TENDER FOR DEBT" AS UNDER ARTICLE 1, SECTION 10 UNITED STATES CONSTITUTION, AND THAT THEREFORE UNDER THE PREVAILING CIRCUMSTANCES IN THIS DAY, ALL DEBTS ARE FICTITIOUS ACCOUNT ENTRIES THAT CANNOT BE GIVEN THE SUBSTANCE OF LAW UNLESS THE COURTS WILL RENDER JUDGMENT IN THE VALUE OF LAWFUL UNITED STATES GOLD OR SILVER MONEY?

12. WAS IT THEREFORE IN LIGHT OF THE TOTAL CIRCUMSTANCE MORE EFFICIENT AND REASONABLE TO EXERCISE THE POWER OF SOUND DISCRETION AND IMPOSE A "CONSTRUCTIVE TRUST" OR TO RECOGNIZE THAT THE MODERN BANKING RELATIONSHIP IS A "RESULTING TRUST" WHERE THE MORTGAGOR IS ACTUALLY A SECURITIZATION TRUSTOR WITH THE RIGHT TO SEE THE CONTINUATION OF THE UNDERLYING FDIC "FAIR VALUE" GUARANTEE, ALONG WITH A SUBSTANTIAL

VICARIOUS INTEREST IN THE BENEFITS OF THE FDIC "80% LOSS SHARING" ARRANGEMENT AS PLEAD WITHIN THE UNDERLYING MOTION BEFORE THE…TRIAL COURT?

13. [D]ID THE…TRIAL COURT COMMIT A MANIFEST ABUSE OF DISCRETION BY REFUSING TO GRANT THE EQUITABLE RELIEF THEREIN REQUESTED, SEEKING THE IMPOSITION OR RECOGNITION OF THE UNDERLYING FINANCIALIZATION ARRANGEMENT AS AN EXTENDED SECURITIZATION MODEL THAT ALSO INURES TO THE BENEFIT OF A MORTGAGOR WHO IS REALLY THE SECURITIZATION TRUSTOR?

(Appellant's Brief at 8-11).

As a prefatory matter, we must address the timeliness of Appellant's appeal. Pennsylvania Rule of Appellate Procedure 903 provides: "[E]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. **Id.** This Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). "Where a party fails to appeal a final order, it operates as *res judicata* on the issues decided." **Morgan Guar. Trust Co. of New York v. Mowl**, 705 A.2d 923, 928 (Pa.Super. 1998), *appeal denied*, 556 Pa. 693, 727 A.2d 1211 (1998).

Here, Appellant raises on appeal numerous issues, which effectively

challenge the court's prior May 11, 2017 order granting summary judgment in favor of Bank in the mortgage foreclosure action. Appellant initially timely appealed from the summary judgment, which disposed of all claims and parties. *See* Pa.R.A.P. 341(b), 903(a). This Court, however, dismissed the appeal for Appellant's failure to file a brief, and Appellant sought no further relief. To the extent he now seeks review of the May 11, 2017 summary judgment, Appellant's current appeal, filed in April 2018, is well beyond the applicable 30-day appeal period for that challenge. Additionally, the current notice of appeal expressly refers to the order of March 28, 2018, which denied Appellant's petition to set aside the sheriff's sale. Therefore, this Court has no jurisdiction to address Appellant's claims challenging the mortgage foreclosure summary judgment. ***See Patterson, supra***; Pa.R.A.P. 903(a). Accordingly, we dismiss Appellant's first, second, fifth, seventh, eighth, ninth, tenth, and eleventh issues for lack of jurisdiction.

As a second prefatory matter, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein,

> followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. **Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000). **See also Lackner v. Glosser**, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite authority to support contention); **Estate of Haiko v. McGinley**, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, appellant hampers this Court's review and risks waiver). This Court is willing to construe materials of a *pro se* litigant liberally, but *pro se* status confers no special benefit upon the appellant. **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007). When the issues on appeal are waived, the trial court's order is more properly "affirmed." **In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (noting upon waiver of issues on appeal, this Court should affirm trial court's decision, not quash appeal).

Instantly, Appellant fails to cite to any relevant authority in his brief to support his fourth, twelfth, and thirteenth issues. The arguments contained

in these claims amount to rambling and subjective discussions of Constitutional law and public policy, without citation to any relevant legal authority. Appellant's failure to develop his arguments with citations to pertinent law precludes meaningful review and constitutes waiver of his fourth, twelfth, and thirteenth issues. *See Butler, supra*; Pa.R.A.P. 2119(a).

With respect to Appellant's remaining issues three and six, "[t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *GMAC Mortg. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa.Super. 2007) (quoting *Kaib v. Smith*, 684 A.2d 630, 632 (Pa.Super. 1996)).

> A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner…. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

*Buchanan, supra* at 1167 (internal citations omitted). *See also Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 80 (Pa.Super. 2009), *appeal denied*, 606 Pa. 650, 992 A.2d 889 (2010) (stating sheriff's sale may be set aside after delivery of sheriff's deed, if sale was product of fraud or lack of authority to make sale); *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 166 (Pa.Super. 2002), *appeal denied*, 573 Pa. 662,

820 A.2d 702 (2003) (noting that gross inadequacy in sale price is sufficient grounds to set aside sheriff's sale); *First Eastern Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1365-66 (Pa.Super. 1994) (stating lack of adequate notice constitutes clear and convincing evidence to set aside sheriff's sale).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Garrett D. Page, we conclude Appellant's third and sixth issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed May 8, 2018, at 9-11) (finding: **(3, 6)** Appellant fails to raise any equitable grounds for court to set aside sheriff sale; Appellant does not challenge sale itself, bidding process, notice, or price; equity does not permit Appellant to fail to meet his contractual obligations under mortgage note and then redeem property for price paid by highest bidder at sheriff sale). The record supports the trial court's rationale. Accordingly, as to Appellant's third and sixth issues, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | **LOWER COURT DOCKET:** |
| | : | No. 2014-07290 |
| | : | |
| v. | : | |
| | : | **1144 EDA 2018** |
| JAMES PATRICK MCKENNA, JR. | : | |

**OPINION**

Page, J.                                                                                                    *May 8, 2018*

Defendant appeals from this Court's Denial of his Petition to Set Aside the Sheriff Sale on March 28, 2018. For the reasons set forth below, Defendant's appeal is without merit. Therefore, any claim of error on the part of this Court should be dismissed and the ruling should be affirmed.

**FACTS AND PROCEDURAL HISTORY**

In this case, on May 4, 2004, the Defendant made, executed, and delivered a promissory note ("Note") to Wachovia Bank, National Association in consideration for a prime equity line of credit. Defendant agreed to repay the advances made to him under the Note, plus interest and charges as provided for in the Note, in monthly installments, until the total amount of the Note plus all interest and charges were paid. *See* Complaint ¶ 3. The Defendant also made, executed, and delivered a mortgage to Wachovia as security for the payment of the amount due under the Note. *See Id.* at ¶ 4. The Mortgage encumbers real property located at 631 Maple Glen Circle, Pottstown, Pennsylvania 19464 located within Montgomery County and recorded in the Office of the Recorder of Deeds for Montgomery County in Mortgage Book 11140, Page 59. *Id.*



Wachovia subsequently merged into Wells Fargo Bank, National Association, succeeding Wachovia Bank's rights with respect to the Note and Mortgage. *Id.* at ¶5.

On January 23, 2011, Defendant defaulted on the terms and condition of the Note and Mortgage by failing to make the required payment, and has failed to make all subsequent payments. *Id.* at ¶8. The terms of the Note and Mortgage permit foreclosure on the Mortgage in judicial proceedings. Defendant was also provided with notice pursuant to the requirements of 41 P.S. §§ 403 (b) et seq. ("Act 6") and 35 P.S. §§ 1680.403c et seq. ("Act 91") on March 20, 2013 prior to the commencement of this action by regular and certified mail. *Id.* at ¶10. Defendant failed to cure his default, this instant action was filed by a complaint, Defendant filed an answer, and Plaintiff filed a reply. *See* Complaint, Answer, and Reply.

Wells Fargo filed a Motion for Summary Judgment at the close of discovery which was granted on May 11, 2017, and an *in rem* judgment was entered in favor of Wells Fargo in the amount of $155,380.69, plus costs and interest from the date of judgment. *See* Order J. Carluccio 5/11/17. Defendant filed an appeal with the Pennsylvania Superior Court contesting the Summary Judgment which was dismissed on February 2, 2018 for failure to file a brief. *See* Superior Court Docket 1696 EDA 2017. Prior to the dismissal of Defendant's appeal, on January 31, 2018, a Sheriff Sale was conduct by the Montgomery County Sheriff's Office in which Hammer Investments paid a bid price of $55,400. *See* Sheriff Distribution 4/4/2018. Defendant filed his Petition to Set Aside the Sheriff Sale alleging numerous grounds including challenges to the underlying complaint which this Court denied on March 28, 2018.

On April 16, 2018, the Defendant filed a timely Notice of Appeal.

## ISSUES

Defendant's Concise Statement, received in chambers on April 30, 2018, is reproduced verbatim below:

I.  ***Failure to enter a Decree of Foreclosure and Sale of the Property under PA RCP 1037 (d).*** This was an Error as a matter of Law that left the Sheriff Sale **void**. The Court must enter the decree of foreclosure and Sale as in all other judicial sales; a <u>judicial sale</u> rests on a <u>judicial decree</u>. Foreclosure is an equitable action formatted by a claim to money judgment, *in rem*. Only the bench can make a Judicial Sale, after default judgment. See Pa. R.C.P. 1037 (d) and mortgage foreclosure rule 1146 requiring "grounds pleaded in foreclosure". (sic)
A Sheriff Sale is the *"judicial or tax sale"* described in Rule 1061 (d), "Actions to Quiet Title". (sic) The foreclosure of a lien is an equitable remedy and the Sheriff Sale is in the execution of a judicial act. Only the bench can make an Order under this rule; and only after a judicially meaningful process as guaranteed under both the United States Constitution, and the Pennsylvania Constitution. The practice of judicially unauthorized Sheriff Sales on mortgaged property is a mass-fraud and in fundamental violation of due process in the Pennsylvania Constitution, implicating the 14th Amendment of the United States.

II.  ***All Champertous suits are barred by public policy and the Plaintiff failed to verify any of the pleadings. The Court must strike the judgment on failing to self-sustain.*** Plaintiff failed to verify any of their pleadings as required under civil **Rule 1024(a) & (c)**. This is a non-waivable, jurisdictional defect. All champertous suits are barred as a matter of public policy, and the 3rd party intermeddler-plaintiff could not verify or obtain the verification of any pleadings. The underlying "mortgage foreclosure action" was a fraudulent debt collection scheme invented by the under-scribed law firm. The Plaintiff appeared in name only and the only verification was by the lawyer and the book-keeper.
The foreclosure complaint failed as a matter of law to state a cause of action on which relief could be granted due to the complete absence of any verified allegations. An authorized signature in an executive capacity must appear within the complaint. This omission was fatal to the cause of action and left the Court with nothing but a "lawyer's narration," even in default judgment. As stated in the next errors, there was nothing for the Court to go on without verification, and it would have been impossible to decree the mortgage foreclosure and sale of the property without verified facts in view. Foreclosure is an act of sound discretion and this Court will not operate without facts.

III.  ***The Sheriff unlawfully "shorted" the writ of execution and the Sale was illegal on failure to "strike down" the entire judgment.*** Error as a matter of law, the Court must set aside the Sheriff Sale. In that, *"[t]he purpose of a sheriff's sale in judicial mortgage foreclosure proceedings <u>is to realize out of the land, the debt, interest, and costs which are due,</u> or have accrued to, the judgment creditor." See **Kaib v. Smith**,* <u>684 A.2d 630, 632</u> (Pa. Super. 1996).

3

A sheriff's sale of property passes to the purchaser any interest which the judgment debtor may have had in that property. When a judgment debtor has been deprived of his property by the sheriff's sale, *"the proceeds of that sale are a satisfaction "pro tanto" of the execution production that fund..."* J.R. Clausen & Son, 7 Pa. Super. at 222; *Campbell, Bredin & Co.'s Appeal; Beachy v. Miller*, 103 Pa. Super. 1, 157 A. 336 (1931); *In re Estate of Wetzler*, 3 Pa. Super. 435 (1897).

*"The judgment which occasioned the execution procedure is discharged to the extent that the proceeds of the sheriff's sale are applied to pay the judgment."* See *Campbell, Bredin & Co.'s Appeal; Beachy supra; J.R.Clausen & Son; In Re Estate of Wetzler*; 14 Standard Pennsylvania Practice 2d §78:27. Ergo, the Defendant still has the right to "redeem" the outstanding difference, and the Sale must be held incomplete as failing to divest the title of the mortgage debtor without full purchase of the judgment "in rem". (sic)

IV. *The failure of Pennsylvania to provide "adequate compensation" at "fair price" for the "public taking" by a "public Officer" in a Sheriff Sale" was unconstitutional as a breach of substantive property and due process rights.* The 5th Amendment to the national Constitution and the corresponding Pennsylvania guarantee against uncompensated seizures of private property is a question of fundamental rights. The County Sheriff is a public officer and his seizure and sale of the demised premises was a "public taking" in support of the State and the dignity of its judgments.

The property which is assessed publically here at some "$153,000" cannot facially be sold for just "$55,000", (sic) which also included the costs of the Sheriff sale. We are entitled to 100% "adequate compensation" on this "public taking" by a Public Officer. The Court erred as a matter of law by upholding an unconstitutional legal practice, public policy or civil procedure. Subject matter jurisdiction may be raised for the first time on appeal, and this is a challenge to the constitutional authority of the Sheriff Sale process in this State, that fails to meet the preliminary threshold of "fair value" within the guarantees against a "public taking". (sic) See property assessment report attached.

V. *Plaintiff's Mortgage was a clog on the Equity of Redemption and the Court must therefore set aside the Sheriff Sale.* Failure to relieve the Defendant was a Manifest Abuse of Discretion, and an Error as a Matter of longstanding Mortgage Law. Plaintiff sold the property for $55,000 on a judgment for over $170,000 plus ongoing costs and interests. If they were going to sell the place for 55k the Defendant was entitled to pay the mortgage claim at that number as well. This **clog on the equity of redemption** is both unlawful and unconscionable.

This was Predatory Lending Practice, Plain Fraud and Appraisal Fraud; and Unconscionable Inducement. The Court should have exercised the power of sound discretion, so as a matter of law this judicially enforced clog on the equity of redemption is illegal and unconstitutional after four centuries of standard jurisprudence. We are not compelled to pay over "$170,000" for a $48,000 house. This speaks directly to the next error:

VI. *The failure of Pennsylvania to automate post-sale redemption is unconstitutional as a breach of substantive property and due process rights, and the Court must set-aside the Sheriff Sale.* The Court erred as a matter of law by upholding an unconstitutional legal practice, judicial policy and civil procedure.

4

We are entitled to pay what the highest bidder paid at the Sheriff sale and my money is better than anyone else being the "real owner". (sic) Post-sale redemption is the fundamental test of "fair value" and a natural consequence of the underlying property right. Either the mortgage was an indefeasible clog on the equity of redemption and became a slow-motion inalienable sale, or it was a real pledge in security for debt or performance. Here, the Defendant is entitled to pay the same "$55,000" as the purchaser, plus ordinary premiums and interest charges and costs. Subject matter jurisdiction may be raised for the first time on appeal and this is a direct challenge to the constitutional authority of the Sheriff Sale process in Pennsylvania.

VII. *As a matter of Law, the underlying Complaint failed to state any claim for a mortgage foreclosure remedy, the Court must vacate the void judgment.* "Two or More Grounds May Be Pleas," ergo, at least *one* ground. Complaint failed to state any grounds to foreclose. Default is a not an element (sic) of "grounds," it is not an equitable concept, and all grounds **are discretionary and equitable.** Rule 1146 makes the distinction between the old chancery side of the court and a proper law-action. Mortgage Foreclosure is not a law action as it will be heard in other States in a Chancery Division, which is a court that would never hear a law action like "negotiable instruments claims". (sic)

The underlying complaint failed to State a Claim under civil rule 1146 and failed to allege exhaustion of the implied administrative remedy. The foreclosure action is available only in the absence of a further remedy, by presenting the *"negotiable specialty"* mortgage note for payment at the related place of payment, which doesn't exist by definition. The mortgage note is a non negotiable bond for the installment of many months of years in payments, it is not a negotiable instrument *per se*. The only real remedy to the Plaintiff was to first discharge the debt into the central guarantee system by issuing a "1099" income tax form on the excess credit, and this is the principle administrative remedy which this Plaintiff or its own principle has failed to exhaust.

The suit in foreclosure is an action of the last resort, not the first impulse. Nobody is entitled to the equitable relief of a mortgage foreclosure "as a matter of law." As a matter of law, the equitable relief that is the foreclosure of a mortgage and the sale of the premises must ordain from the bench as a matter of sound discretion and not automation under Pa R.C.P. 1037 (d).

VIII. *Failure to allege presentment for payment or discharge of the circulating medium. Error as a matter of law and wrong form of action as negotiable instruments are personal claims barred in mortgage foreclosure under rule 1141 and 1148. The Court must strike the mortgage judgment.*

So far as the Plaintiff asserted the premise of a negotiable instrument, the Superior Court has repeatedly made it clear that *"a note secured by a mortgage is a negotiable instrument, as that term is defined by the Pennsylvania Uniform Commercial Code." Gerber v. Piergrossi*, 142 A.3d 854, 862 (Pa. Super. 2016). Since the Mortgage Note was governed under the "PUCC," they failed to exhaust an administrative remedy by actually seeking payment from the maker of the instrument, at the "place of payment," following the rules of **presentment.**

See U.C.C. § 3-501 "PRESENTMENT." Apparently, the mortgage note is still in circulation and valid as good paper, and it was clearly endorsed "pay to the order of

blank w/o recourse". (sic) The abstraction of "standing to sue" on a negotiable instrument is an insufficient cause of action in mortgage foreclosure and is further barred by the operation of civil rule 1146, limiting the nature and cause to "one form of action." The Plaintiff must allege to present its instrument for payment, discharge the action, or at least mark it "payable" and then "cancelled," "refused," "dishonored," "paid" or some other designation that will stop the live negotiable circulation *of otherwise non-negotiable mortgage note*.

A "negotiable instrument claim" is an action *in personam*, which here violations Pa R.C.P. 1141 & 1148, limiting mortgage foreclosure to actions *"in rem"*. (sic) It is pure law error throughout the State to rely on negotiable instruments in any foreclosure action; and it is pure law error to ignore the endorsement of the mortgage note as legal tender currency. Nevertheless, land was not reduced to a bearer-share. The plaintiff did not and cannot present its mortgage note at the address and demand payment through the action of the **non-negotiable** foreclosure claim. The mortgage note is a bond and an extension of the mortgage deed, the real plaintiff must "own **and** hold the mortgage note."

The Plaintiff's Complaint failed to set forth the verification of mortgage debt "assignments" under Pa R.C.P. 1147 and this is more than procedure, it is **substantive**. Instead, Plaintiff has admittedly monetized the *chose in action*. (sic) See **CitiMortgage, Inc. v. Barbezat**, 2016 WL 99772, A. 3d, at *2-3 (Pa. Super. 2016). If the plaintiff "holds" a note, they must also follow the rules for presentment. As set forth in the Defendant's underlying motion, the mechanics of *financialization* (sic) works to monetize the *chose in action*. The lawyers for the Plaintiff are waving around the tale of a mortgage bill they seem to already hold, which is both legal tender and good payment in hand, guaranteed by the underwriting bank-endorsement.

IX. *Error as a matter of Law- real estate is not negotiable collateral- impossible form of action.* Land and real estate is not the subject of any "PUCC" definition. See UCC 9-102 (no. 12) *"Collateral." The property subject to a security interest or agricultural lien. The term includes: (1) proceeds to which a security interest attaches; (2) accounts, chattel paper, payment intangibles and promissory notes which have been sold; and (3) goods which are the subject of a consignment.*

The mortgage note is not payable or redeemable in land or rights to land. It was endorsed by the guarantees of a "federal reserve system" and is floating at a legal monetary value, even today. It follows that if possession of the note is standing to sue then they had better present it for payment while any other "remedy" is limited to law-action *in personam* under the UCC, and not through an *in rem* claim against land property over this impossible and inapposite premise which is also entirely illegal as barred by Pa R.C.P. 1146-1148.

It was pure Error as a matter of law to conflate the abstract enforceability of a negotiable instrument **that is still in circulation**, with a claim for title in land as measured by the format of a non- negotiable mortgage bond proceeding *"as in assumpsit"* but actually limited to an action *"de terris"*. (sic) And it was error as a matter of law to allow a claim for any money judgment to proceed out of a negotiable instrument that is still in unmarked circulation. The underlying judgment is void and this Sheriff Sale was mathematically impossible.

6

X. ***Article 1 Section 10 Unites States Constitution is the Supreme Law of the Land and the Common Pleas Court is therein bound.*** As set forth in the undersigned Defendant's Motion, the Court is reminded that Article 1 Section 10 of the United States Constitution is alive and well. The Courts must learn to see that all Debts and Credits are merely fictional account entries, given valid legal tender status in the absence of gold or silver. Nobody fails to get "paid" in this scenario and we live in a world of pure equity, without a lawful action for debt.

If there is or was a partition proposed by the Plaintiff's Complaint, it was conducted without due process or any type of hearing, discovery or evidence; to show why it is that foreclosure and sale of the premises is warranted. Otherwise, the Supreme Court of Pennsylvania must abolish the action of Pa R.C.P. 1146 and strike the equitable grounds concept from the nature of mortgage foreclosure, if this fundament is going to be systematically ignored. See civil rules 1037 (d), where all discretionary acts must issue out of the bench. The premise that there are any "grounds" in foreclosure here is a decision that must sound in the equitable powers of the Court. Also see the Pennsylvania "Quiet Title" equity-action at civil rule 1061(d), to gain possession "after a judicial or tax sale". (sic) Foreclosure and the subsequent Judicial Sale are an equitable remedy that must be decreed from the bench.

XI. **THE COURT SHOULD HAVE IMPOSED A CONSTRUCTIVE TRUST**

*Ibid:* as in #1-10. It was a manifest abuse of discretion to completely ignore the facts, the circumstances and the law of the case. The Court must impose a Constructive Trust and sort out the various positions in the property; ordering either redemption of the mortgage on fair and payable conditions or stabilization within the tripartite arrangement. This mortgage deed is an element in a diffuse and interlocking securitization trust, where the Plaintiff is either a Servicer or a Trust Minister. The defendant is the **trustor**, entitled to a whole other set of rights and remedies just as the other parties who are situate in their respective positions. The only lawful cause of action will be equitable dissolution or partition; mortgage foreclose was barred as there is not actually a standard mortgage or a workable debtor-creditor relationship.

(*See* Concise Statement. All emphasis, quotations, and errors in the original).

## ANALYSIS

Initially, this Court notes that the Concise Statement supplied by Defendant is neither concise nor coherent in many places. This Court's analysis is fatally impaired by the Defendant's unclear concise statement. However, this Court will attempt to address the claims that are understandable, and address the propriety of the denial of the Petition to Set Aside the Sheriff Sale.

7

Issue XI cannot be addressed by this Court, as it is unclear under what grounds Defendant is alleging the denial of the Petition to Set Aside the Sheriff Sale was improper and why he is entitled to a Constructive Trust. Issues I, II, V, VII, VIII, IX, and X challenge the underlying mortgage foreclosure. Issue IV purports to challenge the underlying judgment as void for lack of subject matter jurisdiction. Finally, issues III and VI allege that the Defendant should be allowed to redeem his mortgage for the amount it was purchased for at Sheriff Sale.

## I. Challenges to the Underlying Summary Judgment

Defendant attempts to challenge the underlying grant of summary judgement based on alleged deficiencies in the complaint and summary judgment ruling. Defendant cannot challenge the merits of the underlying grant of summary judgment. "[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903 (a). Defendant had thirty days from the entry of summary judgment in which to file an appeal. Defendant availed himself of this right. However, subsequently, Defendant failed to file a brief, and the Superior Court dismissed that appeal. Therefore, the Order granting summary judgment is final, and not subject to disturbance on this appeal. Thus, issues I, II, V, VII, VIII, IX, and X are waived as those issues address the propriety of the underlying Summary Judgment which is now final.

However, Issue IV purports to challenge the underlying Order granting Summary Judgment as void for lack of subject matter jurisdiction. A void decree can be attacked at any time. *Brokans v. Melnick,* 391 Pa.Super. 21, 569 A.2d 1373, 1376 (1989). Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. *Fed. Nat. Mortgage Ass'n v. Citiano, 2003 PA Super 381, ¶¶ 10-*

8

*11, 834 A.2d 645, 648 (Pa. Super. Ct. 2003)(some internal citations omitted).* Thus, if the Court lacked subject matter jurisdiction, that issue is not waived.

> The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary.

*Beneficial Consumer Disc. Co. v. Vukman,* 621 Pa. 192, 197–98, 77 A.3d 547, 550 (2013)

"Save for exceptions irrelevant to this matter, our Courts of Common Pleas have unlimited original jurisdiction over all proceedings in this Commonwealth, unless otherwise provided by law. Pa. Const. art. 5, § 5; 42 Pa.C.S. § 931(a)." *Id.* at 552. Defendant alleges this Court lacks Subject Matter Jurisdiction because this was a "public taking" and because it is "a clog on the equity of redemption." Defendant cites to no law divesting this Court of jurisdiction. Therefore, this issue is without merit.

## II.  Challenges to the Sheriff Sale

Defendant's final claims, Issues III and Ⅵ, purport to challenge the Sheriff Sale. Defendant raises that he should be permitted to redeem the mortgage for the amount paid by Hammer Investments at the Sheriff Sale. The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. *Kaib v. Smith,* 454 Pa.Super. 67, 684 A.2d 630 (1996) . A sale may be set aside upon petition of an interested party where "upon proper cause shown" the court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. *Bornman v. Gordon,* 363 Pa.Super. 607, 527 A.2d 109, 111 (1987). Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency

pertaining to the notice of sale exists or where misconduct occurs in the bidding process. *National Penn Bank v. Shaffer,* 448 Pa.Super. 496, 672 A.2d 326 (1996).

Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a sheriff's sale. *Fidelity Bank v. Pierson,* 437 Pa. 541, 264 A.2d 682 (1970). However where a "gross inadequacy" in the price is established courts have found proper grounds exist to set aside a sheriff's sale. *Capozzi v. Antonoplos,* 414 Pa. 565, 201 A.2d 420, 422 (1964). The courts have traditionally looked at each case on its own facts. *Scott v. Adal Corp.,* 353 Pa.Super. 288, 509 A.2d 1279, 1283 (1986). "It is for this reason that the term 'grossly inadequate price' has never been fixed by any court at any given amount or any percentage amount of the sale." *Id.* Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable. *First Federal Sav. & Loan Assoc. v. Swift,* 457 Pa. 206, 321 A.2d 895 (1974). When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the court's ruling is a discretionary one and it will not be reversed on appeal unless there is a clear abuse of that discretion. *Blue Ball Nat. Bank v. Balmer,* 2002 PA Super 329, ¶¶ 8-9, 810 A.2d 164, 166–67 (Pa. Super. Ct. 2002) *citing (Federal Sav. Bank v. CPM Energy Sys. Corp.,* 422 Pa.Super. 308, 619 A.2d 371 (1993)).

Here, Defendant failed to raise any equitable grounds on which this Court should set aside the Sheriff sale. Defendant does not challenge the sale itself, the bidding process, notice, or the price. Defendant instead claims that this Court should permit the Defendant to redeem the mortgage for less than he agreed to pay when he signed the Note and Mortgage. Equity does not require this Court to permit Defendant to fail to meet his contractual obligations under the Note,

10

and then redeem the property for the price paid by the highest bidder at Sheriff Sale. As these claims lack merit, this Court's denial of the Petition to Set Aside the Sheriff Sale was proper.

## **CONCLUSION**

For all of the aforementioned reasons, this Court's decision and order should be **AFFIRMED**.

BY THE COURT:

GARRETT D. PAGE,      J.

Copies of the above Opinion
Mailed on 5  7- 18
By Interoffice Mail to:
Civil        – Court Administration
By First Class Mail to:
Kristen Ashe, Esquire
James McKenna, Defendant, *Pro Se*

Judicial Secretary

11